UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,

-vs-                                        Case No. 5:04-cv-392-Oc-10GRJ

AUDRA JEANNE HARRIS, MARIANN
HARRIS, MARTIN A. GLESON FUNERAL
HOME, LLC,

        Defendant.
_____/

# O R D E R

This case is before the Court for consideration of Plaintiff Metropolitan Life Insurance Company's ("Met Life's") "Motion to Dismiss Counterclaim of Defendant Mariann Harris" (Doc. 41). Defendant Mariann Harris has not responded to the motion to dismiss and the time for doing so has elapsed.[1] Upon due consideration, the motion is due to be granted, and the Defendant's counterclaim for breach of contract is due to be dismissed as preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

## Background and Facts

This action involves the entitlement to group life insurance benefits arising from the death of a former Verizon Communications, Inc. employee, Robert Harris. Mr. Harris was a participant in a group life insurance plan sponsored by Verizon and administered by Met Life.

---

[1] The deadline for responding to the motion was extended three times on motion by Defendant Mariann Harris (Docs. 47, 51, & 55). Defendant Harris has not moved a fourth time for an extension, and the deadline to respond was February 24, 2005 (Doc. 55).

There is no dispute that the plan is governed by ERISA. At the time of his death, Mr. Harris' life was insured under the plan in the amount of $255,000.00. After Mr. Harris' death, Audra Harris, Mr. Harris' daughter and a resident of the State of New York, made a claim to the proceeds of Mr. Harris' life insurance as the named beneficiary of the policy. Mariann Harris, the decedent's former spouse[2] and Florida resident, made a claim to the proceeds as well, on the basis of a prior beneficiary designation and allegations that Audra Harris' beneficiary status was obtained by undue influence and fraud.

Met Life filed this action as a complaint in interpleader pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335. It asserts no interest in the proceeds and does not dispute that the amounts are due and owing.[3] Defendant Mariann Harris has filed a counterclaim against Met Life for breach of contract.[4] Met Life moves to dismiss this claim on the basis that it is preempted by ERISA.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[5] As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff

---

[2] Mariann Harris divorced Mr. Harris before his death.

[3] Met Life has not deposited the funds into the registry of the Court.

[4] Doc. 19. Audra Harris filed a similar counterclaim against Met Life for breach of contract, but that claim was voluntarily dismissed (Doc. 45).

[5] Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv. 400 F.2d 465, 471 (5th Cir. 1968).

can prove no set of facts in support of his claim that would entitle him to relief."[6]  Thus, if a Complaint "shows that the Plaintiff is entitled to <u>any</u> relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[7]

**Discussion**

There is no dispute that ERISA governs the administration of the plan.[8] 29 U.S.C. § 1144(a), § 514(a) of ERISA, provides: [T]he provisions of this subchapter . . . shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." The preemptive provisions of ERISA are to be given broad construction.[9] The scope of ERISA preemption is not limited to state laws specifically pertaining to employee benefit plans.[10] A state law claim "relates to" an employee benefit plan "if it has a connection with or reference to such a plan."[11]

Mariann Harris' counterclaim alleges that Met Life, as plan administrator, breached its contract by failing to timely pay benefits due to her under the group life insurance plan. As

---

[6] Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[7] Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

[8] See Mariann Harris' counterclaim, Doc. 19, at ¶ 6 ("this action is a federal question case involving employee benefits which are governed by the Employee Retirement Income Security Act of 1974.").

[9] Jackson v. Martin Marietta Corp., 805 F.2d 1498, 1499 (11th Cir. 1986) (breach of contract action alleging improper calculation of employee's pension service date was preempted by ERISA).

[10] Id.

[11] Shaw v. Delta Airlines, Inc., 463 U.S. 85, 97 (1983); Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1195 (11th Cir. 1991).

3

such, this claim relates to the administration, i.e., the distribution of benefits, of an employee benefit plan governed by ERISA. In a very similar factual situation, the Eleventh Circuit held that a state law action against a life insurance plan administrator seeking a determination as to the proper beneficiary of life insurance proceeds was preempted by ERISA.[12] Accordingly, the claim must be dismissed as preempted.

## Conclusion

Upon due consideration and for the forgoing reasons, it is ordered that:

(1) Met Life's motion to dismiss (Doc. 41) is GRANTED; and

(2) Defendant Mariann Harris' counterclaim (Doc. 19, Count I) against Met Life for breach of contract is DISMISSED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 19th day of April, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record

---

[12] Brown, 934 F.2d at 1195 (plaintiff's "claim for an order declaring her the rightful beneficiary and requiring [the plan administrator] to pay her the benefits of the policy clearly has a connection with an employee benefit plan" and was therefore preempted).